PER CURIAM:
Claimants brought this action for vehicle damage which occurred when their 1996 Geo Metro struck a hole while claimant Lucy Hiles was traveling on Route 94 in Kanawha County. Route 94 is a road maintained by respondent. The Court is of the opinion to make an award in this claim for the reasons more fully stated below.
The incident giving rise to this claim occurred at approximately 11:00 a.m. on June 4, 2005. Route 94 is a two-lane highway at the place of the incident involved in tins claim. Lucy Hiles testified that on the sunny and dry day in question, she was driving on Route 94 when she pulled off the road to go to a yard sale. She stated that as she turned her vehicle off the road, the front passenger side tire of her vehicle went into a hole that she had not seen because of grass and weeds. She testified that there were no warning signs around the hole. Her vehicle fell into the hole and had to be removed by use of a tow truck. Ms. Hiles testified that the hole was as big as her *125 vehicle. Claimants’ vehicle sustained damages totaling $2,436.37.
The position of the respondent is that it did not have actual or constructive notice of the condition on Route 94 at the site of the claimants’ accident for the date in question. ■ Frank McGuire, Foreman for respondent in Kanawha County, testified that there is a four foot shoulder along Route 94 in this area. He further stated that there were warning signs posted around this hole at some time, but he was unsure as to when they were put in place.
The well-established principle of law in West Virginia is that the State is neither an insurer nor a guarantor of the safety of travelers upon its roads. Adkins vs. Sims, 130 W.Va. 645; 46 S.E.2d 81 (1947). In order to hold respondent liable for road defects of this type, a claimant must prove that respondent had actual or constructive notice of the defect and a reasonable time to take corrective action. Chapman vs. Dept. of Highways, 16 Ct. Cl. 103 (1986).
In the instant case, the Court is of the opinion that respondent had at least constructive notice of the hole which claimants’ vehicle struck and that the hole presented a hazard to the traveling public. The size of the hole and the lack of warning signs around this hole at the time of claimants’ incident leads the Court to conclude that respondent had notice of this hazardous condition and respondent had an adequate amount of time to take corrective action. Thus, the Court finds respondent negligent and claimants may make a recovery for the damage to their vehicle. However, the Court further finds that Ms. Hiles had turned her vehicle too sharply while pulling off the road and struck the hole, which could have been avoided by properly turning into the driveway beyond the hole, and therefore, the Court assesses twenty percent (20%) comparative negligence against the claimants.
In accordance with the findings of fact and conclusions of law stated herein above, the Court is of the opinion to and does make an award to claimants in this claim in the amount of $ 1,949.10.
Award of S1,949.10.